IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OWEN M. SMITH AND DANA N. SMITH | § § § | |
| V. | § § § § | A-09-CV-881 LY |
| USA MORTGAGE D/B/A LAKEWAY MORTGAGE, ET AL. | § § | |

**INTERIM REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant USA Mortgage's Motion for Summary Judgment under Rule 56, filed on September 26, 2011 (Clerk's Docket No. 94); Defendant Bank of America Corporation's 12(b)(6) Motion to Dismiss, filed on October 20, 2011 (Clerk's Docket No. 99); Plaintiffs' Motion for Leave to Amend Plaintiffs' Petition, filed on November 1, 2011 (Clerk's Docket No. 101); and the Parties' responsive briefs.

The undersigned magistrate judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   GENERAL BACKGROUND**

On January 28, 1998, Plaintiffs Owen and Dana Smith ("Plaintiffs") purchased a residential home located at 3 Waterfall Drive, Austin, Texas ("Property"). Plaintiffs financed the purchase of the Property by obtaining a first mortgage through National Mortgagelink, Ltd. and a second mortgage through Guaranty Federal Bank, F.S.B. In January 2004, Plaintiffs refinanced the

mortgages on their Property, paid off their previous mortgages and obtained a new mortgage with National City Mortgage Co. ("National City"). In December 2007, Plaintiffs again refinanced their mortgage on their Property this time by paying off their mortgage to National City and obtaining a new mortgage with Countrywide Home Loans, Inc. ("Countrywide"). In December 2008, Countrywide sold Plaintiffs' mortgage to Bank of America, N.A. Shortly thereafter, Plaintiffs stopped making payments on their mortgage to Bank of America, thereby defaulting on their home mortgage.

Accordingly, on August 19, 2009, BAC Home Loan Servicing, L.P., an operating subsidiary of Bank of America,[1] filed a home equity foreclosure proceeding against Plaintiffs, pursuant to Texas Rule of Civil Procedure 736, in the 200th Judicial District of Travis County, Texas. *See* Cause No. D-1-GN-09-002702. However, on December 8, 2009, the foreclosure proceeding was abated due to the filing of the instant lawsuit. See Tex. R. Civ. Pro. 736(10).

Plaintiffs' First Amended Complaint alleged that National City Mortgage, Countrywide Bank, Mortgage Electronic Registration System, USA Mortgage d/b/a Lakeway Mortgage, BAC Home Loans Servicing, L.P., and John Does 1 through 100 were involved in a "predatory lending enterprise in a scheme to obtain illegal fees and profits at Plaintiffs' expense," sold counterfeit securities and attempted to evict Plaintiffs from their home "in an attempt to disguise the fraud once the fraud was discovered." Plaintiffs' Amended Complaint at p. 3. Plaintiffs' Amended Complaint alleged a plethora of claims against the Defendants including claims under the Truth in Lending Act, the Home Ownership Equity Protection Act, the Racketeering and Influenced Corrupt Organization

---

[1] In April 2009, Countrywide Financial Corporation and all of its related entities merged with Bank of America. At that time, Countrywide Home Loans Servicing L.P. changed its name to BAC Home Loans Servicing, L.P., which is an operating subsidiary of Bank of America, N.A.

Act, the Fair Credit Reporting Act, as well as claims for counterfeit securities, fraud, breach of contract, fair credit reporting act, unjust enrichment, and breach of good faith and fair dealing, as well as claims for injunctive relief. Plaintiffs also named Barrett Daffin Frappier Turner & Engel, LLP, attorneys of record for Defendant BAC Home Loans Servicing, L.P., as a defendant in the case based upon the law firm's representation of Defendant BAC in the foreclosure proceeding against Plaintiffs. The Defendants argue that Plaintiffs filed this lawsuit simply as an attempt to prevent or delay the foreclosure proceedings against them.

On March 26, 2010, the District Court granted Defendants Countrywide Home Loans, Inc.'s and Mortgage Electronic Registration System, Inc.'s 12(b)(6) Motions to Dismiss. See Clerk's Docket No. 16. On August 23, 2010, the instant Court issued a Report and Recommendation recommending that the District Court grant Defendants Barrett Daffin Frappier Turner & Engel, LLP's, BAC Home Loans Servicing, L.P., and National City Mortgage's Motions to Dismiss. See Clerk's Docket No. 72. On September 20, 2010, the District Court adopted this Court's Report and Recommendation and dismissed Defendants Barrett Daffin Frappier Turner & Engel, LLP's, BAC Home Loans Servicing, L.P., and National City Mortgage from this lawsuit. See Clerk's Docket No. 77. The only remaining defendant in the case at that time was USA Mortgage d/b/a Lakeway Mortgage.[2]

On May 20, 2011, Plaintiffs filed their Second Amended Complaint which alleges essentially the same claims as alleged in their First Amended Complaint, namely claims under the Truth in Lending Act, the Home Ownership Equity Protection Act, the Racketeering and Influenced Corrupt Organization Act, as well as fraud, predatory lending, breach of contract and breach of good faith

---

[2] USA Mortgage had not yet filed a motion to dismiss in the case.

and fair dealing and wrongful foreclosure. In addition to naming USA Mortgage d/b/a Lakeway Mortgage as a defendant in the case, Plaintiffs have also named Bank of America Corporation, Countrywide Securities Corporation, Countrywide Capital Markets, Standard & Poors Corporation, Mortgage Electronic Registration Systems, Inc., and individuals Robert Jacobsen, Steven Porter, George Tommy Bastion, Angelo Mozilo, and "John *R*oes[3] 1 through 100," as defendants in this case.[4]

Defendant USA Mortgage ("USAM") now moves for summary judgment as to all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56. In addition, Defendant Bank of America Corporation moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in detail below, Plaintiffs have once again failed to allege any viable claim against any defendant in this case and therefore, their case should be dismissed in its entirety.

## II. STANDARD OF REVIEW

**A.     Standard under Rule 12(b)(6)**

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must consider the allegations of a *pro se* plaintiff's complaint liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[p]ro se status does not give plaintiff a prerogative to file meritless claims." *Olstad v. Collier*, No. 06-50099, 2006 WL 3687108 at *1 (5th Cir. 2006) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). In other words, *pro se* status does not offer the

---

[3]As opposed to "John Does" as alleged in their First Amended Complaint.

[4]It appears that Plaintiffs have failed to properly serve several of the defendants named in their Second Amended Complaint.

4

plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359.

In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555. Subsequently, the Supreme Court has clarified that this new standard applies to all case, not just to antitrust cases such as *Twombly*. *See Ashcroft v. Iqbal*, – U.S. – , 129 S.Ct. 1937, 1953 (2009).

**B.    <u>Standard under Rule 56</u>**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

5

(1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element

6

essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## III. ANALYSIS

### A. Defendants' Motions under Rules 12(b)(6) and Rule 56

In this Court's previous Interim Report and Recommendation, after thoroughly addressing each of Plaintiffs' claims individually, the Court concluded that "Plaintiffs have failed to allege 'enough facts to state a claim to relief that is plausible on its face' against any of the Defendants in this case." See R&R at p. 31. For the same reasons as stated in its previous 32-page Report and Recommendation, the Court once again finds that Plaintiffs Second Amended Complaint has failed to allege a viable claim against either Bank of America Corporation or USA Mortgage. See R&R at p. 6-31. Accordingly, Defendant Bank of America Corporation's Motion to Dismiss (Clerk's Docket No. 99) and Defendant USA Mortgage's Motion for Summary Judgment (Clerk's Docket No. 94) should be GRANTED and Plaintiffs' claims against these defendants should be dismissed.

### B. Defendants John Roes 1 though 100

Instead of naming "John *D*oe's 1 through 100" as they did in their First Amended Complaint, Plaintiffs' Second Amended Complaint names "John *R*oe's 1 through 100" as defendants in this case. As stated in the Court's previous Report and Recommendation, the Federal Rules of Civil Procedure "do not provide any authority for the joining of fictitious defendants." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Federal Rule of Civil Procedure 10(a) provides in relevant part: "Caption; Names of Parties. Every pleading must have a caption . . . . The title of the complaint must name all of the parties." FED. R. CIV. P. 10(a). "Plaintiffs, even those proceeding *in forma pauperis*, have a duty to provide information sufficient to identify the

defendants." *King v. Forest*, 2008 WL 4951049 (N.D. Tex. Nov. 14, 2008). The Court finds that Plaintiffs have failed to provide the Court with sufficient facts to show that it has jurisdiction over the "John Roes 1 through 100" and thus they should be dismissed from this lawsuit. *See Id.* (finding that unidentified defendants must be dismissed because courts lack personal jurisdiction over such defendants).

**C.     John/Jane Doe Plaintiffs**

In Plaintiffs' Second Amended Complaint, Plaintiffs names "John and/or Jane Does 1-1000" as plaintiffs in this case. Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer") (citation omitted); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("while a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself'") . Plaintiffs Owen and Dana Smith, who are proceeding *pro se* in this case cannot represent any John or Jane Doe Plaintiffs in this case. Accordingly, Plaintiffs John and/or Jane Does 1-1000 should be dismissed from this case as improper parties.

**D.     Plaintiffs' Motion for Leave to Amend Second Amended Complaint**

Plaintiffs seek leave to amend their Complaint yet again in this case. However, Plaintiffs have failed to provide the Court with any evidence or argument that would justify another amendment in this case at this late date in the proceedings. "Permissible reasons for denying a motion for leave to amend include 'undue delay, bad faith or dilatory motive on the part of the

8

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Central Laborers' Pension Fund v. Integrated Elec. Services Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Because Plaintiffs have already been given numerous opportunities to amend their complaint and have failed to allege viable claims for relief, the Court can see no reason to afford them yet another bite at the apple. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) ("'[I]f a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile.'" (quoting 6 Charles Alan Wright, Federal Practice and Procedure § 1489 (2d ed. 1990)).  Plaintiffs are merely seeking to allege the exact same claims against the same defendants in this case. Accordingly, the Court **HEREBY DENIES** Plaintiffs' Motion for Leave to Amend their Second Amended Complaint (Clerk's Docket No. 101).

## IV.  RECOMMENDATION

The Magistrate Judge **HEREBY RECOMMENDS** that the District Court **GRANT** Defendant USA Mortgage's Motion for Summary Judgment under Rule 56 (Clerk's Docket No. 94) and **DISMISS** this Defendant from this lawsuit.  It is **FURTHER RECOMMENDED** that the District Court **GRANT** Defendant Bank of America Corporation's 12(b)(6) Motion to Dismiss (Clerk's Docket No. 99) and **DISMISS** this Defendant from this lawsuit.  Finally, the undersigned RECOMMENDS that the District Court **DISMISS** Plaintiffs "John and/or Jane Does 1-1000" and Defendants "John Roes 1 through 100" as improper parties in this case.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE